PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 9/10)
ADOPTED BY ALL FEDERAL COURTS IN TEXAS

IN THE UNITED STATES DISTRICT COURT

FOR THE __NORTHERN__ DISTRICT OF TEXAS

__DALLAS__ DIVISION

3-14CV-4332B

PETITION FOR A WRIT OF HABEAS CORPUS BY
A PERSON IN STATE CUSTODY

__STANLEY VERNELL LEDBETTER, JR.__          __JAMES V. ALLRED__
PETITIONER                                   CURRENT PLACE OF CONFINEMENT
(Full name of Petitioner)

vs.                                          __#01635470__
                                             PRISONER ID NUMBER

__DOUG DRETKE, DIRECTOR__
RESPONDENT                                   CASE NUMBER
(Name of TDCJ Director, Warden, Jailor, or   (Supplied by the District Court Clerk)
authorized person having custody of Petitioner)

## INSTRUCTIONS - READ CAREFULLY

1.  The petition must be legibly handwritten or typewritten and signed and dated by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2.  Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3.  Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4.  If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5. Only judgments entered by one court may be challenged in a single petition. A separate petition must be filed to challenge a judgment entered by a different state court.

6. Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7. Mail the completed petition and one copy to the U. S. District Clerk. The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices. The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8. Failure to notify the court of your change of address could result in the dismissal of your case.

---

## PETITION

**What are you challenging?** (Check <u>all</u> that apply)

☒ A judgment of conviction or sentence, probation or deferred-adjudication probation.    (Answer Questions 1-4, 5-12 & 20-25)
☐ A parole revocation proceeding.    (Answer Questions 1-4, 13-14 & 20-25)
☐ A disciplinary proceeding.    (Answer Questions 1-4, 15-19 & 20-25)
☐ Other: _____    (Answer Questions 1-4, 10-11 & 20-25)

**All petitioners must answer questions 1-4:**
Note: In answering questions 1-4, you must give information about <u>the conviction for the sentence you are presently serving</u>, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1. Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: _____

   DISTRICT COURT 292ND JUDICIAL DISTRICT OF DALLAS COUNTY, TEXAS

2. Date of judgment of conviction: October 21, 2009.

3. Length of sentence: Life in prison

4. Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action: # F08-73084-YV Aggravated Sexual Assault With a deadly Weapon.

-2-

**Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:**

5. What was your plea? (Check one)  ☒ Not Guilty   ☐ Guilty   ☐ Nolo Contendere

6. Kind of trial: (Check one)   ☒ Jury   ☐ Judge Only

7. Did you testify at trial?   ☒ Yes  ☒ No
   Punishment phase

8. Did you appeal the judgment of conviction?   ☒ Yes   ☐ No

9. If you did appeal, in what appellate court did you file your direct appeal? __Fifth District of Texas__   Cause Number (if known): __#05-09-01313-CR__

   What was the result of your direct appeal (affirmed, modified or reversed)? __Affirmed__

   What was the date of that decision? __August 10, 2012__

   If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

   Grounds raised: __- SAME - PRO SE__
   __" " " " " "__

   Result: __Refused.__

   Date of result: __Jan 9, 2013__   Cause Number (if known): __In re Ledbetter 2013 Tex.Crim.App. LEXIS 50__

   If you filed a petition for a *writ of certiorari* with the United States Supreme Court, answer the following:

   Result: __N/A__

   Date of result: __N/A__

10. Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state applications for a writ of habeas corpus that you may have filed.   ☒ Yes   ☐ No

11. If your answer to 10 is "Yes," give the following information:

    Name of court: __292ND Judicial District Court, Dallas County Texas__
    Nature of proceeding: __Writ of Habeas Corpus__
    Cause number (if known): __W08-73084-V(A)__

-3-

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court: <u>November, 19 2013</u>

Grounds raised: <u>Conviction obtained by the unconstitutional failure to disclose to the defense favorable evidence, among others.</u>

Date of final decision: <u>Denied on 11-26-2014</u>

What was the decision? <u>Denied without written order</u>

Name of court that issued the final decision: <u>Court of Criminal appeals of Texas</u>

As to any <u>second</u> petition, application or motion, give the same information:

Name of court: _____

Nature of proceeding: _____

Cause number (if known): _____

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court:
_____

Grounds raised: _____
_____

Date of final decision: _____

What was the decision? _____

Name of court that issued the final decision: _____

*If you have filed more than two petitions, applications or motions, please attach an additional sheet of paper and give the same information about each petition, application or motion.*

12.   Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?   ☐ Yes   ☐ No

(a)   If your answer is "Yes," give the name and location of the court that imposed the sentence to be served in the future: _____
_____

(b)   Give the date and length of the sentence to be served in the future: _____
_____

(c) Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future?  ☐ Yes  ☐ No

**Parole Revocation:**

13. Date and location of your parole revocation: _____

14. Have you filed any petitions, applications or motions in any state or federal court challenging your parole revocation?  ☐ Yes  ☐ No

   If your answer is "Yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**

15. For your original conviction, was there a finding that you used or exhibited a deadly weapon?  ☐ Yes  ☐ No

16. Are you eligible for release on mandatory supervision?  ☐ Yes  ☐ No

17. Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation:
   _____

   Disciplinary case number: _____

   What was the nature of the disciplinary charge against you? _____

18. Date you were found guilty of the disciplinary violation: _____

   Did you lose previously earned good-time days?  ☐ Yes  ☐ No

   If your answer is "Yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing:
   _____

   Identify all other punishment imposed, including the length of any punishment, if applicable, and any changes in custody status:
   _____
   _____
   _____

19. Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?  ☐ Yes  ☐ No

   If your answer to Question 19 is "Yes," answer the following:

   Step 1 Result: _____

Date of Result: _____

Step 2  Result: _____

Date of Result: _____

**All petitioners must answer the remaining questions:**

20. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Summarize <u>briefly</u> the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

<u>CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

A. **GROUND ONE:** CONVICTION OBTAINED BY THE UNCONSTITUTIONAL FAILURE OF THE PROSECUTION TO DISCLOSE TO THE DEFENDANT EVIDENCE FAVORABLE TO THE DEFENDANT

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
During a hearing on petitioner's amended motion for new trial, Doctor Stacy McDonald, testified about a pending complaint that had been filed against Southwestern Institute For Forensic Science (SWIFS) for improprieties at (SWIFS) related to cross contamination practices concerning DNA evidence. (Supp. RR', 158-60). (SWIFS) conducted the DNA on petitioner's case. Petitioner never received a copy of that complaint, which a copy of it was supposedly delivered August/Fall-2009. (Supp. RR 5', 160-61, 163,). (See; Memorandum attached).

B. **GROUND TWO:** DEFENDANT'S CONSTITUTIONAL RIGHTS TO CONFRONT/CROSS EXAMINE WITNESSES WERE VIOLATED',

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
At petitioner's punishment hearing, the State presented the testimony of two witnesses', Doctor Gary Ackerman (RR10', 131-32), and Amber Moss, a Forensic Scientist (RR11', 60-60-61). Petitioner contends that because neither witness performed the exam or analysis on petitioner's DNA, petitioner was denied his confrontation rights at trial, in violation of his constitutional rights to confrontation, due process and a fair trial. (See; attached Memorandum in Support)',

-6-

C.    **GROUND THREE:** <u>DENIAL OF EFFECTIVE ASSISTANCE OF COUNSEL AT THE GUILT/PUNISHMENT STAGE</u>

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
My court appointed attorney/s', Stanley R, Mays and Kenneth Weatherspoon, Failed among other things to (1) Investigate and present evidence; and (2) Offered evidence that was detrimental to petitioner's. (See; attached Memorandum in Support);

D.    **GROUND FOUR:** _____

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
_____

21.    Relief sought in this petition: _____

ORG'

22. Have you previously filed a federal habeas petition attacking the same conviction, parole revocation or disciplinary proceeding that you are attacking in this petition?  ☐ Yes  ☒ No
If your answer is "Yes," give the date on which each petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice, or (c) denied.

_____ N/A _____
_____ N/A _____

If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition, as required by 28 U.S.C. § 2244(b)(3) and (4)?  ☐ Yes  ☐ No  N/A

23. Are any of the grounds listed in question 20 above presented for the first time in this petition?
☐ Yes  ☒ No

If your answer is "Yes," state briefly what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

_____ N/A _____
_____ // _____
_____ // _____

24. Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging?  ☐ Yes  ☒ No

If "Yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed. _____ NA _____
_____ NA _____

25. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Stanley R. Mays; and Kenneth Weatherspoon
(b) At arraignment and plea: SAME
(c) At trial: SAME
(d) At sentencing: SAME
(e) On appeal: Lori L. Ordiway
(f) In any post-conviction proceeding: N/A

-8-

(g)     On appeal from any ruling against you in a post-conviction proceeding: __N/A__

__N/A__

## Timeliness of Petition:

26.     If your judgment of conviction, parole revocation or disciplinary proceeding became final over one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition.[1]

Although I lack legal trainning in law, I am incline to believe that I am witthin one year Statute of limitation in accordance with 28 U.S.C, § 2244(d).

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d), provides in part that:

(1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

       (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

       (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

       (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

       (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

_____
Signature of Attorney (if any)

_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on December 3, 2014 (month, day, year).

Executed (signed) on December 3, 2014 (date).

_Stanley Ledlutter Jr._
Signature of Petitioner (required)

Petitioner's current address: Allred Unit, 2101 FM 369 N., Iowa Park, TX 76367

Date: 12-3- 2014

Certified Mail
Return Receipt Requested
NO. _____,

Office of the Clerk
United States District Court
Northern District of Texas
Dallas, Texas 75242-1495

3-14CV-4332B



Re: <u>Post-Conviction 28 U.S.C. § 2254</u>

Dear Clerk;

Enclosed herewith please find the original and a copy of 28 U.S.C. § 2254 challenging my conviction. See in Forma Pauperis attached. Could you filed this application and letter and bring it to the Court's attention. Could, also provide me with a stamp/file copy in the self-addressed envelope enclosed.

I want to thank you in advance for your time and consideration.

ORIG: Office of the Clerk
CC: Allred Mailroom
File: Petitioner's File.

Respectfully Submitted
/s/ Stanley Ledbetter /s/
Stauffey Ledbetter, Jr. #01635470
James V. Allred Unit
2101 FM 369 N.
Iowa Park, TX. 76367

— 1 —

Stanley Ledbetter Jr. #01635470
James V. Allred Unit
2101 FM 369 North
Iowa Park, Texas 76367



XRAY

(Confidential Legal Mail)

Clerk
United States District Court
For the Northern District of
Texas 1100 Commerce-Room 1452
Dallas Texas 75242-1495

RECEIVED
DEC - 9 2014